**No. 13-1084** – *Constellium Rolled Products Ravenswood, LLC and Melvin Lager v. Sharon Griffith and Lou Ann Wall*

**FILED**

June 10, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

**Ketchum, Justice, concurring in part and dissenting in part:**

There was no viable cause of action for either compensatory damages or punitive damages. In order for a plaintiff to prevail on a claim for gender discrimination or sexual harassment it must be proven that the alleged wrongful conduct was based on the plaintiff's sex. *Hanlon v. Chambers*, 195 W.Va. 99, 464 S.E.2d 741 (1995). In this case, the defendant's alleged wrongful conduct was directed both at men and women.

*7 All employees were encouraged to place comments in a suggestion box. The plant manager would attach his response to every comment. The comments and responses were posted on a plant bulletin board. When the comments and responses about the plaintiffs were posted, there were also posted approximately thirty nine other comments and responses.1 There were postings that had derogatory comments about both male and female employees, including a foreman.

While it was ill advised to post derogatory comments about any employee, these comments were not directed at only the female plaintiffs or female employees. They were equal opportunity postings directed at both men and women. Additionally, the comments about the plaintiffs were directed at their perceived work ethics.

---

1At the initial oral argument, it was not disputed that forty two comments and responses were posted at the same time. Three of those comments were about the plaintiffs.

There is no cause of action under our sex discrimination laws. Our anti-discrimination laws are not codes of civility. Our laws are aimed at discrimination directed at a protected class, not comments directed at anyone in the work place.

Therefore, I dissent.

I concur in the striking of the punitive damages only because there can be no punitive damages when there is no evidence supporting compensatory damages. The evidence in this case did not support a viable cause of action for compensatory damages, much less, punitive damages to punish the defendant. I do not accept the majority opinion's legal reasoning in striking the punitive damages, but agree there can be no punitive damages awarded.